# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF IBEW LOCAL UNION NO. 100 PENSION TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACTION ELECTRICAL INC., <br><br> Defendant. | Case No. 1:17-cv-01438-LJO-SAB <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE; EXTENDING DEADLINE FOR DEFENDANT TO FILE A RESPONSIVE PLEADING AND CONTINUING MANDATORY SCHEDULING CONFERENCE <br><br> (ECF Nos. 8, 9) |

On October 25, 2017, Plaintiffs Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund, Joint Electrical Industrial Training Trust Fund, National Electric Benefit Funds, and Family Medical Care Plan filed this action against Action Electrical Inc. under the Employee Retirement Income Security Act of 1974 (ERISA) and the Labor Management Act (LMRA). On October 25, 2017, the order setting the mandatory scheduling conference issued. (ECF No. 4-1.) Plaintiffs returned the proof of service showing that the summons and complaint were served on Defendant on November 5, 2017. (ECF No. 5.) On January 2, 2018, the Court continued the mandatory scheduling conference to February 20, 2018, as no answer had been filed in the matter. (ECF No. 7.)

On January 24, 2018, an order was filed requiring Plaintiffs to show cause why this action should not be dismissed for failure to prosecute because Defendant had not filed a responsive

1

pleading. Plaintiffs filed a response on January 26, 2018, indicating that an audit is being conducted and is expected to be completed around February 2, 2018. Plaintiffs request that the mandatory scheduling conference be continued for sixty days to allow the parties an opportunity to receive and review the audit audit report.

Pursuant to the Local Rules of the Eastern District of California,

> Unless the filing date has been set by order of the Court, an initial stipulation extending time for no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents may be filed without approval of the Court if the stipulation is signed on behalf of all parties who have appeared in the action and are affected by the stipulation. All other extensions of time must be approved by the Court. No open extensions of time by stipulation of the parties will be recognized.

L.R. 144(a).

Accordingly, the parties may agree to an initial extension of time of twenty-eight days to respond to the complaint, but they must file a stipulation and any further extensions of time require approval by the Court. The Court will continue the deadlines in this action based upon the representations in the response to the order to show cause. However, the parties are advised that they are expected to be familiar with and comply with all federal and local rules and court orders. Any further extensions of time must be filed prior to the deadline and will only be granted on a showing of good cause.

Based on the foregoing it is HEREBY ORDERED that:

1. The order to show cause, filed January 24, 2018, is DISCHARGED;
2. Defendant shall file a responsive pleading on or before **April 2, 2018**;
3. The mandatory scheduling conference is continued from February 20, 2018, to **April 24, 2018, at 2:30 p.m.** in Courtroom 9;
4. The parties shall file a joint scheduling conference report one week prior to the new conference date;
5. Plaintiffs shall serve a copy of this order on Defendant within **five (5) days** of the date of entry of the order; and

///

///

2

6. Plaintiffs shall promptly file a proof of service upon serving this order upon Defendant.

IT IS SO ORDERED.

Dated: **January 29, 2018**

_____
UNITED STATES MAGISTRATE JUDGE